**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re: WAYNE ROBERT STAMP** | : | Chapter 13 |
| | : | |
| | : | Bky. No. 19-17452ELF |
| **Debtor** | : | |
| | : | |
| | : | |
| | : | |
| **JENNIFER R. MORRELL,** | : | |
| | : | |
| Plaintiff | : | Adv. No. 20-109 |
| | : | |
| v. | : | |
| | : | |
| **WAYNE R. STAMP,** | : | |
| | : | |
| Defendant | : | |

# M E M O R A N D U M

## I.  INTRODUCTION

In this adversary proceeding, Plaintiff Jennifer R. Morrell seeks a determination that an attorney's fee award of $41,632.00 ("the Fee Award"), entered by the Family Court of New Castle County, Delaware ("the Family Court") is nondischargeable pursuant to either 11 U.S.C. §523(a)(5) or 11 U.S.C. §523(a)(15).  The Family Court entered the Fee Award following its ruling in the Plaintiff's favor on a petition to modify custody ("the Custody Modification Petition").  The Plaintiff's former husband, Wayne R. Stamp ("the Debtor"), the debtor in this bankruptcy case was the respondent in the custody litigation.

1

Presently before the court is the Plaintiff's motion for judgment on the pleadings ("the Motion").[1]

For the reasons explained below, I will grant the Motion and enter an order determining that the debt for attorney's fees is nondischargeable under 11 U.S.C. §523(a)(5).[2]

## II. PROCEDURAL HISTORY

On November 27, 2019, the Debtor filed a voluntary petition in this court under chapter 7 of the Bankruptcy Code. On January 3, 2020, in his Schedule E/F, the Debtor listed the Plaintiff of $58,592.48, as the holder of a contingent, unliquidated and disputed unsecured claim. The debt corresponds to the Fee Award.[3]

The Plaintiff commenced this adversary proceeding by filing a complaint on March 10, 2020.

---

[1] Strictly speaking, the Motion is a motion for partial judgment on the pleadings.

In Count III of the Complaint, the Plaintiff requested a determination that her (disputed) claim against the Debtor for reimbursement of $2,277.00 in medical expenses, incurred for the parties' child, is nondischargeable under 11 U.S.C. §523(a)(5). Count III was not referenced in the Motion. Although both parties discussed Count III at oral argument, the record must be developed more fully before it is amenable to a decision.

[2] Consequently, I do not reach any of the issues raised by the parties under 11 U.S.C. §523(a)(15).

[3] The Plaintiff submitted a fee request in the amount of $58,592.48 to the Family Court. In its decision dated January 7, 2020, the Family Court reduced the award to $41,632.00, the amount presently at issue in this adversary proceeding.

The Fee Award was entered post-petition. The Debtor has not questioned the Family Court's authority to proceed on the Plaintiff's request for counsel fees following the filing of the bankruptcy case.

In Count I of her complaint, the Plaintiff asserts the Fee Award is nondischargeable as a domestic support obligation ("DSO") under Section 523(a)(5) of the Bankruptcy Code, 11 U.S.C. §323(a)(5).

In Count II, the Plaintiff argues in the alternative that the Fee Award is nondischargeable under 11 U.S.C. §523(a)(15), as a debt that is owed to a former spouse, which is not a DSO, incurred in the course of a divorce or separation or other order of court.

The Debtor filed his Answer to the Complaint on April 20, 2020.

The Plaintiff filed the Motion on August 4, 2020. After the parties completed briefing the Motion, the court held oral argument on November 25, 2021.

This matter is now ready for decision.

### III. FACTS

Based upon the pleadings, including undisputed exhibits, the following facts are undisputed.[4]

The parties are the parents of a daughter who was born on June 25, 2005. An initial custody order, entered on April 5, 2007, provided for joint legal custody and visitation for the Debtor every Thursday and alternating weekends.

On October 29, 2018, the Plaintiff filed the Custody Modification Petition, seeking sole legal custody of the parties' daughter and a significant reduction in the Debtor's visitation rights,

---

[4] The Plaintiff attached as exhibits to the Complaint the Debtor's Schedule E/F, the Fee Award, and the September 27, 2019 Custody Modification Decision and Order ("the Custody Decision") of the Family Court.

among other things.[5] The Custody Modification Petition triggered substantial litigation involving several pretrial motions, discovery, and an expert report, culminating in a two (2) day trial held on June 13, 2019, and July 9, 2019.

The Family Court issued its decision on September 27, 2019. The court granted the Plaintiff legal custody of the parties' daughter. The Family Court also imposed significant restrictions on the Debtor's visitation rights..[6]

On December 2, 2019, the Plaintiff filed a motion for attorneys' fees incurred in the custody litigation.

In her motion for attorney's fees, the Plaintiff relied upon 13 Del. C. §728(b), which provides, in relevant part:

> If the Court finds, after a hearing, that a parent has violated, interfered with, impaired or impeded the rights of a parent or a child with respect to the exercise of joint or sole custodial authority, residence, visitation or other contact with the child, the Court shall order such person to pay the costs and reasonable counsel fees of the parent applying for relief under this section.

On January 7, 2020, the Family Court issued a letter-opinion ("the Fee Opinion"), explaining the basis for the Fee Award issued the same day.

In the Fee Opinion, the Family Court declined to award fees under 13 Del. C. §728(b), holding that fees usually are awarded under that statutory provision only in cases of custodial interference, such as a refusal to abide by a visitation schedule or the making of unilateral joint

---

[5] The parties stipulated to a modification of the custody order on May 18, 2011. The terms of the modification are not clear from the record, but the parties continued to have joint legal custody following the modification.

[6] The Family Court stated that the Debtor's "behavior was so far over the line that is was harmful to [the parties' daughter] . . . warranting a strict limitation on Father's contact with[her]." (Fee Opinion at 2). The Family Court ordered, <u>inter alia</u>, that the Debtor's visitation and all contact with his daughter would be governed by the recommendation of a family therapist.

custody decisions. The Family Court reasoned that the Custody Modification Petition did not involve custodial interference, but rather addressed the Debtor's manipulation of his daughter's feelings regarding her mother and the deleterious and the toxic effect his actions had upon his daughter's behavior and her relationships with her mother and other family members.

After declining to award fees under 13 Del. C. §728(b), the Family Court then awarded the Plaintiff attorney's fees under 13 Del. C. §731.

Section 731 authorizes a court, in its discretion, to award attorney's fees based upon legal and equitable principles. Section 731 provides, in relevant part:

> The Court from time to time, after considering the legal and factual basis for the action, the results obtained, the financial resources of the parties, and such other factors as the Court deems just and equitable, may order a party to pay all or part of the cost to another party of maintaining or defending any proceedings under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of such proceedings.

13 Del. C. § 731. The Family Court noted that, among the other factors, it was permitted to consider the parties conduct during the litigation.

In deciding to grant the Fee Award following the Plaintiff's success on the Custody Modification Petition, the Family Court found that the Debtor's behavior was harmful to his daughter, that his improper behavior escalated following the filing of the Custody Modification Petition, that his behavior warranted a strict limitation of his contact with his daughter, and that his behavior exceeded the ordinary animosity between divorced parents, necessitating court intervention.

The Family Court noted that although both parents had substantial incomes and their disposable incomes were almost equal when child support was considered, the Plaintiff carried

the daily expenses of daughter's care -- unlike the Debtor, who possessed greater financial resources than Plaintiff.

The Family Court concluded that the Plaintiff was entitled to an award of counsel fees and costs. At the same time, however, it reduced substantially the Plaintiff's request, awarding the Plaintiff only $41,632.00 of the $58,292.48 requested in attorney's fees and costs. The Family Court based this reduction on several grounds, including the court's view that the request was "excessive, given the facts involved and the parties' financial circumstances." (Fee Opinion at 3).[7] In addition, the Family Court disallowed overhead costs, legal fees for unsuccessful motions, and required the Debtor to pay for 50% of the costs relating to a family therapist and a psychologist who provided an expert report. (Id. at 3-4).

## IV.  APPLICABLE LEGAL STANDARDS

### A. Rule 12

A motion for judgment on the pleadings is authorized by Federal Rule of Civil Procedure 12(c), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. Rule 12(c) permits a court to enter a dispositive order when the pleadings reveal that no material facts are in dispute and only questions of law remain. E.g., In re Monastra, 2010 WL 3937354, at *2 (Bankr. E.D. Pa. Oct. 6, 2010) (citing Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999)).

In considering a motion for judgment on the pleadings, the court views the facts set out in the pleadings and the inferences therefrom in the light most favorable to the nonmoving party.

---

[7]     In a nutshell, it appears that even though the Family Court was critical of the Debtor's conduct and acknowledged the need for the Plaintiff to seek judicial relief, it believed that the Plaintiff and her counsel "overlitigated" the matter.

Monastra, 2010 WL 3937354, at *2 (citing Conrail v. Portlight, Inc., 188 F.3d 93 (3d Cir. Pa. 1999)).

### B. General Principles in Nondischargeability Proceedings

The party who objects to the discharge of the particular debt has the burden of proving by a preponderance of the evidence its nondischargeability. E.g., In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995). The elements in a nondischargeability proceeding under § 523(a) must be established by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 291 (1991)

The exceptions to discharge listed in §523(a) are strictly construed against the objecting creditor and liberally in favor of the debtor. E.g., Cohn, 54 F.3d at1113. However, this principle is tempered in cases involving the dischargeability of debts arising out of family relationships. The term "support" in the §523(a)(5) and §101(14A) has been given "a broad construction by most courts to promote the congressional policy that favors enforcement of obligations for spousal and child support." 4 Collier on Bankruptcy ¶ 523.05 (Richard Levin, Henry J. Sommer eds., 16th ed. 2021); see also In re Price, 545 B.R. 114, 117 (Bankr. W.D. Pa. 2015); In re Mills, 313 B.R. 395, 399 (Bankr. W.D. Pa. 2004).

### C. 11 U.S.C. §§523(a)(5)

11 U.S.C. § 523(a)(5) provides that a chapter 7 discharge does not discharge any debt "for a domestic support obligation."

The Bankruptcy Code defines a "domestic support obligation" as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

      **(A)** owed to or recoverable by-

          **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

          **(ii)** a governmental unit;

      **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

      **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

          **(i)** a separation agreement, divorce decree, or property settlement agreement;

          **(ii)** an order of a court of record; or

          **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

      **(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A).

      A key statutory issue under. §523(a)(5) created by this definition is whether the debt at issue is "in the nature of alimony, maintenance, or support." The Third Circuit Court of Appeals has instructed that this determination "is a question of federal, not state, law." <u>In re Gianakas</u>, 917 F.2d 759, 362 (3d Cir. 1990). Thus, even if a debt does not qualify as alimony or support under state law, it might still be "in the nature of support" for purposes of §523(a)(5). The determination of nondischargeability of a DSO requires courts to look beyond the label attached to an obligation to examine its true nature. <u>Gianakas</u>, 917 F.3d at 362.

When considering whether an obligation constitutes alimony, maintenance or support, a court should make findings as to the intent of parties or the court regarding the controlling document, such as a settlement agreement or court order, at the time the parties agreed to the settlement or at the time the court entered the order. Id.

If the controlling document is a state court master's report or a court ruling (as in this case), the focal point in determining the nature of the debt is the master's or the court's intent in imposing the obligation on the debtor. See Shirey v. Shirey, 1998 WL 107031, at *3 (E.D. Pa. Mar. 11, 1998); In re LaSpina, 611 B.R. 219, 231 (Bankr. E.D. Pa. 2020).

Gianakas further instructs that a court should determine intent by examining three principal factors:

1. the language and substance of the agreement in the context of surrounding circumstances, considering extrinsic evidence, if necessary;[8]

2. the parties' financial circumstances at the time of the settlement; and

3. the function served by the obligation at the time of the divorce or settlement, e.g., whether it was designed to maintain daily necessities such as food, housing and transportation (which is indicative of a debt intended to be in the nature of support).

Gianakas, 917 F.2d at 762-63.

### V. THE PARTIES' ARGUMENTS

The Plaintiff contends that the Fee Award is a nondischargeable DSO under §523(a)(5) because: (1) the Fee Award was awarded to the Plaintiff, the Debtor's former spouse; (2) the Fee

---

[8] The Gianakas court cautioned, however, that the parties may not have considered the impact of a future bankruptcy filing and whether a particular obligation was to serve as support or as a property settlement unrelated to support. Consequently, "even an obligation designated as property settlement may be related to support because state courts often will adjust alimony awards depending on the nature and amount of marital assets available for distribution." 917 F.2d at 762-63.

Award is in the nature of alimony, maintenance or support and was incurred as the result of a necessary custody proceeding that was for the benefit, support and protection of the child; and (3) the debt, which has not been assigned, was established before, on or after the date of order for relief in this case.

The Debtor argues the Fee Award is dischargeable because it was not based on financial need, but rather, it was imposed because of the Debtor's faulty behavior and, therefore, the Fee Award is not in the nature of alimony or support (and therefore, not a DSO).

To support his argument, the Debtor relies upon <u>Adams v. Zentz</u>, 963 F.2d 197 (8th Cir. 1992).

In <u>Zentz</u>, the bankruptcy court concluded that the attorneys' fees incurred by father in obtaining custody of his child were not related to the financial support of the child or her welfare and, thus, could not be characterized as support. Instead, the attorneys' fees were a result of the father's desire to enforce his rights against the debtor mother. <u>Id</u>. at 199.

On appeal, the district court reversed the bankruptcy court, holding that the attorney's fees were nondischargeable under §525(a)(5). <u>Id</u>.

Appealed further by the debtor, the Court of Appeals reversed on the ground that the district court improperly conducted a <u>de novo</u> review of the bankruptcy court's decision. <u>Id</u>. at 199-200. The Eighth Circuit held that the proper standard of review was whether the bankruptcy court's findings of fact were clearly erroneous. <u>Id</u>. at 200. The circuit court acknowledged the record plausibly could be read to support a finding consistent with the district court's conclusion but emphasized that the district court was not the factfinder. Based on the entire record, the circuit court concluded that it did not find the bankruptcy court's findings to be clearly erroneous. <u>Id</u>. at 201.

## VI.  DISCUSSION

The Fee Award in this case is owed to the Debtor's former spouse; it was established in a custody order entered before the order for relief; and it has not been assigned.  Accordingly, the determination whether the Fee Award constitutes a DSO depends entirely on whether the Fee Award is in the nature of alimony, maintenance, or support.  See 11 U.S.C. § 101(14A)(A)-(D).

As instructed by the Third Circuit in Gianakis, I will examine: (1) the language of the Fee Opinion, (2) the financial circumstances of the parties at the time of entry of the Fee Award and (3) the function of the Fee Award.

In this case, the first factor merges with the second and third factors, as the Fee Opinion itself discusses the parties' financial positions and the function of the Fee Award

The Fee Opinion includes findings regarding the parties' financial circumstances.  The court observed that both parties had substantial incomes, but the Debtor earned more and had greater financial resources than the Plaintiff.  Moreover, even though the parties' disposable income was nearly equal when child support was considered, the Family Court found that this was outweighed by the fact that the Plaintiff solely bears the expenses associated with the daughter's daily care. Thus, the language of the Fee Opinion and its findings regarding the parties' financial circumstances support the conclusion that the Fee Award was in the nature of support.  See Gianakas, 917 F.2d at 763 (noting that sole custody by one parent may indicate that an obligation was in the nature of support).

The Fee Opinion also discussed the function of the Fee Award.

Significantly, the Family Court invoked 13 Del. C. §731 as the basis for the Fee Award, observing that "731 permits the Court to award fees, **not as a sanction for violating the custody and visitation rights** of the other parent, **but based upon other legal and equitable**

11

**principles**." (Fee Opinion at 2) (emphasis added).

Viewing this passage of the Fee Opinion in connection with the Family Court's findings regarding the parties' asymmetrical financial positions (because the Plaintiff bears the costs of the daughter's care), I have no trouble concluding that the function of the Fee Award was restorative. The Family Court sought to ensure that the parties' daughter did not suffer financially as result of the Plaintiff's need to engage in custody litigation; litigation that the Family Court considered necessary for the daughter's benefit.

Based on my analysis of the Gianakas factors, it follows that Fee Award is a DSO, see 11 U.S.C. §101(14A), and is nondischargeable under 11 U.S.C. §523(a)(5).

Admittedly, there are statements in the Fee Opinion in which the Family Court harshly criticized the Debtor's behavior (including his conduct in the litigation), making it fair to infer that his misconduct may have contributed, at least to some degree, to the Family Court's decision to award attorney's fees to the Plaintiff. But I conclude that the Family Court's discussion and characterization of the Debtor's behavior in creating a "toxic relationship" between the Plaintiff and her daughter was provided mainly to explain why the Custody Modification Petition was necessary, rather than serving as the basis for the Fee Award.

In opposing this outcome, the Debtor relies on the Eighth Circuit decision in Zentz. The Debtor suggests that Zentz stands for the proposition that, categorically, a fee award arising out of child custody litigation is not "in the nature of support," and therefore not a DSO. For two (2) reasons, this argument is unpersuasive.

First, Zentz is a scope of review case, not a statement of the law regarding the contours of nondischargeable support. The Court of Appeals concluded only that "considering the entire record," it was not "definitely and firmly convinced that the bankruptcy court's findings are

erroneous."

Second, <u>Zentz</u>, which of course is not binding on this court, is factually distinguishable.

At the bankruptcy court level, the court concluded that the custody litigation that produced the fee award was for the benefit of the creditor-parent in enforcing his parental rights, as opposed to an attempt to protect the best interests of the child. The Court of Appeals treated this as a factual finding, rather than a legal conclusion.[9]

But the facts of the present case differ. Here, the record demonstrates that the best interests of the child, who was suffering emotional harm due to the Debtor's manipulations of her feelings, was the focus of the Custody Modification Petition. (<u>See</u> Fee Opinion at 6) (observing that the Fee Award "will not replace . . . the harm to [the daughter]").

Also, unlike <u>Zentz</u>, the financial circumstances of the parties were considered by the court that entered the Fee Award.

Nothing in the <u>Zentz</u> reported decisions,[10] suggests that the attorney's fee award was based on the financial circumstances or the need of the party who requested such fees. In contrast, here, the Family Court expressly considered the financial circumstances of the parties in awarding attorney's fees to the Plaintiff.

Finally, the Debtor suggests that it would be premature to rule on the dischargeability

---

[9] Other courts view the issue differently, holding that that counsel fee awards granted in custody litigation categorically are in the nature of support of the dependent child. <u>See, e.g.</u>, <u>In re Louttit</u>, 473 B.R. 663, 666–68 (Bankr. W.D. Pa. 2012); <u>see generally</u> <u>In re Weisberg</u>, 218 B.R. 740, 758 (Bankr. E.D. Pa. 1998) (collecting competing lines of cases).

To decide the Motion, I need not reach this issue.

[10] The district court decision, which reversed the bankruptcy court, and was later reversed by the Court of Appeals is reported as <u>Adams v. Zentz</u>, 127 B.R. 444 (W.D. Mo. 1991).

13

under 11 U.S.C. §523(a)(5) of the Fee Award at the pleading stage because the question whether it is in the nature of support "is factual in nature." (Debtor's Reply at 9). However, as stated in Gianakas, this court's task in this adversary proceeding is ascertain the intent and purpose of another court in issuing Fee Award. Neither party has suggested the Family Court judge could be called as a witness or that there is any other relevant evidence (besides the documents already before the court) that would assist this court in its inquiry.[11] In other words, the record is complete on the issue. No purpose would be served by deferring a ruling on the §523(a)(5) issue.

## VII. CONCLUSION

Based on the pleadings, there are no factual disputes and the Plaintiff is entitled to judgment as a matter of law. The Debtor owes a debt of $41,632.00 to the Plaintiff based on the Fee Award entered by the Family Court. This debt is nondischargeable as a DSO under 11 U.S.C. §523(a)(5).

An appropriate order follows.

---

[11] At oral argument, the Debtor suggested that in evaluating the parties' respective financial condition, the Family Court failed to fully consider the effect of the child support being paid by the Debtor and that the Motion should be denied to permit further development of the record.

I question whether the Debtor's premise is accurate. (See Fee Opinion at 3) ("While their disposable incomes may be almost equally [sic] **when child support is considered**) (emphasis added).

But even if the Debtor is correct, I fail to see the relevance of the evidence he wishes to offer.

The issue here is the intent of the Family Court in entering the Fee Award. If the Family Court failed to fully consider the effect of the child support paid by the Debtor, that suggests only that its ruling may have been erroneous, an error that could be corrected only by a state court appeal, not by this court. The alleged failure by Family Court to appreciate the impact of the child support has no effect on that court's purpose in awarding attorney's fees. Indeed, any failure by the court to fully appreciate the support already being received by the Plaintiff only reinforces my conclusion that the court intended the Fee Award to be in the nature of support.

14

**Date: April 8, 2021**

_____
**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**